| | |
|---|---|
| 1 | TIMOTHY S. BLACKFORD (Bar No. 190900) |
| | tblackford1971@gmail.com |
| 2 | **BEHMER & BLACKFORD LLP** |
| | 12526 High Bluff Drive, Suite 300 |
| 3 | San Diego, CA 92130 |
| | Tel: 858.792.3420 |
| 4 | Fax: 858.792.3422 |
| 5 | WESLEY W. WHITMYER, JR. (*pro hac vice* pending) |
| | litigation@whipgroup.com |
| 6 | WALTER B. WELSH (*pro hac vice* pending) |
| | wwelsh@whipgroup.com |
| 7 | CHRISTINA L. WINSOR (*pro hac vice* pending) |
| | cwinsor@whipgroup.com |
| 8 | **WHITMYER IP GROUP LLC** |
| | 600 Summer Street |
| 9 | Stamford, CT 06901 |
| | Phone: 203-703-0800 |
| 10 | Fax: 203-703-0801 |
| 11 | Attorneys for Plaintiff |
| | QUSP PTY. LTD. |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUSP PTY. LTD., an Australian Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SYNTROGI, INC. d/b/a QUSP LABS, a California Corporation<br><br>Defendant. | CASE NO. '16CV2425 BAS BGS<br><br>**COMPLAINT FOR:**<br>**(1) FEDERAL TRADEMARK INFRINGEMENT;**<br>**(2) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION;**<br>**(3) STATE COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;**<br>**(4) STATE STATUTORY TRADEMARK AND/OR TRADE NAME INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Qusp, Pty. Ltd. ("QUSP" or "Plaintiff"), by its attorneys brings this Complaint against Defendant Syntrogi d/b/a Qusp Labs ("Qusp Labs" or "Defendant") and alleges as follows:

## STATEMENT OF THE CASE

1. This is an action for federal trademark infringement and federal unfair competition and false designation of origin of Plaintiff's trademark in violation of the Federal Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and the statutes of the State of California, all arising from the Defendant's unauthorized use of Plaintiff's trademark in its business name and in the promotion thereof and the goods and services offered thereby.

2. Plaintiff hereby seeks (1) injunctive relief against Defendant's continued unauthorized, improper and willful commercial use and exploitation of any trademark that is the same as or confusingly similar to Plaintiff's trademark; and (2) all damages arising from Defendant's past and present unauthorized use of any trademark that is the same as or confusingly similar to Plaintiff's trademark, including all statutory damages, and Plaintiff's attorneys' fees and costs for having to bring this suit to enforce its trademark rights.

## PARTIES

3. Plaintiff is a limited liability company organized and existing under the laws of Australia and having an office and principal place of business at 40 A Upper Cliff Road, Northwood, NSW 2066, Australia.

4. Upon information and belief Defendant is a corporation, organized and existing under the laws of the State of California having a principal place of business located at 6020 Cornerstone Court W, Suite 220, San Diego, California 92121.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) over the federal trademark infringement and false designation of

origin and unfair competition, which arise under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; and has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is located within this District within the meaning of 28 U.S.C. § 1391(c)(2), and pursuant to 28 U.S.C. §1392(b)(2) because a substantial part of the wrongful events giving rise to this action took place in the District and Plaintiff has suffered harm in this District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Plaintiff Trademark

7. Plaintiff is a global business in the entertainment industry which offers goods and services such as recording studios, artist management, music production and promotion, fashion and jewelry design, as well as development and sale of various cutting edge application software and technology products.

8. Plaintiff owns the U.S. trademark Registration for "QUSP," Reg. No. 4101531, covering goods in class 09 for "Electronic publications, namely, books, downloadable image files containing artwork, text, audio and video, digital posters, digital billboards, all featuring artistic content by artists, musicians and poets recorded on computer media;" class 25 for "Coats; Dresses; Footwear; Gloves; Headgear, namely, caps, hats, beanies; Jackets and socks; Pants; Shirts; Shorts; Skirts; Tops;" and class 41 for "Entertainment in the nature of theater productions; Entertainment in the nature of visual and audio performances by actors, musical band, rock group, artists, musicians, poets, dancers; Entertainment information services, namely, providing information and news releases about a musical artist; Entertainment media production services for motion pictures, television and Internet; Entertainment services by a musical artist and producer, namely, musical

-2-

composition for others and production of musical sound recordings; Entertainment services in the nature of development, creation, production and post-production services of multimedia entertainment content" registered on February 21, 2012. *See* **Exhibit A**, a true and correct copy of the QUSP trademark registration, as printed from the US Patent and Trademark Office's website, which is incorporated herein by reference.

9. The QUSP trademark is fanciful and arbitrary and is therefore inherently distinctive and a strong trademark.

10. QUSP is the owner of the following twenty-five (25) "QUSP" domains: .com (universal), .com.au (Australia), .jp (Japan), .co.nz (New Zealand), .co.za (South Africa), .info (universal), .biz (universal), .be (Belgium), .pl (Poland), .at (Austria), .cn (China), .fr (France), .it (Italy), .se (Sweden), .tv (TV), .eu (Europe), .nl (Netherlands), .de (Germany), .co.uk (UK), .es (Spain), .co.in (India), .in (India), .net (universal), .ae (UAE), and .ca (Canada). QUSP started acquiring these domains as early as 2004.

11. Plaintiff creates, owns and operates app software called "QUSP" for both iOS and Android mobile devices which currently allows users to browse QUSP artists, music, videos, lyrics, purchase clothing and advertises the release of software that will be used to record and edit music, sound, video and audio-visual content and live concerts, among other features.

12. All of Plaintiff's activities as explained herein have created consumer recognition and association of the QUSP Trademark with Plaintiff's goods and services and as such Plaintiff has developed a considerable amount of goodwill in the QUSP Trademark.

13. Plaintiff's common law use of the QUSP mark, its QUSP domain names, and its U.S. Federal Registration are all herein referred to as the "QUSP Trademark."

/////

14. Plaintiff has spent significant resources advertising and marketing its goods and services under the QUSP Trademark in the U.S.

15. Plaintiff has spent significant time and monetary resources building its QUSP brand.

**Defendant's Infringing Activities**

16. Plaintiff incorporates all prior allegations as if set forth at length herein.

17. Upon information and belief, Defendant is made of a team of neuroscientists and computer engineers that focuses its products and services on neurotechnology and related research and development. Defendant also develops middleware platform APIs and plug-and-play platforms, wherein the software applications for these platforms can be used on mobile devices and can be used in multiple market sectors, including entertainment.

18. Upon information and belief, Defendant is doing business as and through the domain www.qusp.io (the "Website"), whereon the QUSP Trademark is prominently used and displayed.

19. Upon information and belief, Defendant plans on widely expanding into other markets with its API and plug-and-play platforms which it will market as "Powered by Qusp" when third parties use such platforms for a wide range of apps, including in the field of entertainment.

20. Upon information and belief, Defendant was incorporated as Syntrogi, Inc. in the State of California on April 14, 2015.

21. Upon information and belief, Defendant registered for the domain name "qusp.io" on May 12, 2015.

22. Upon information and belief, Defendant decided to change its name, adopted the name QUSP, and filed for QUSP as its Fictitious Business Name with the County Clerk of San Diego on June 29, 2015.

/////

23. Upon information and believe, Defendant conducted a trademark search prior to adopting the QUSP Trademark and discovered Plaintiff's federal trademark registration and its numerous "QUSP" domain name registrations.

24. Despite having actual knowledge of Plaintiff's QUSP Trademark, Defendant moved forward to adopt and use the QUSP Trademark.

25. In March, 2016, Brian Conolly, founder and CEO of QUSP, discovered that Defendant started to conduct business as "QUSP" via Defendant's CEO's, Tim Mullen, Facebook page post.

26. Upon Mr. Conolly's discovery, he sent a message via LinkedIn to Tim Mullen, placing him on notice of QUSP's trademark rights, to which Mr. Mullen responded that he was "presently considering how to address [Mr. Conolly's] concerns" and would be in touch soon.

27. Upon receiving further correspondence from Defendant's counsel, Plaintiff, through its attorneys sent a response to Defendant's counsel reiterating Plaintiff's rights in the QUSP Trademark.

28. At the time that parties' counsels were in communication, April through June 2016, upon information and belief, the Website still associated Defendant with Syntrogi, i.e. "©2016 SYNTROGI, INC.; ALL RIGHTS RESERVED" and "Syntrogi is now QUSP" along with multiple other references to Syntrogi. Therefore, upon in formation and belief, Defendant was still known as Syntrogi and relying on the Syntrogi name for consumers to identify the company.

29. Plaintiff had notified Defendant of its objections to the use of the QUSP Trademark prior to Defendant making the full switch to "Qusp Labs" hoping to prevent such an occurrence.

30. Yet, at the time of filing this Complaint, upon information and belief, Defendant removed all references to "Syntrogi" from the Website and is marketing its products and services solely under the QUSP name and using the phrase
/////

"powered by QUSP" in reference to its API software services, despite the fact that it knows of QUSP's objections.

31. Defendant continues to use the QUSP Trademark without authorization from Plaintiff, and continues to expand its uses to additional related goods and services.

32. Defendant is not now, nor has it ever been associated, affiliated, or connected with or endorsed or sanctioned by Plaintiff.

33. Defendant is willfully using an identical mark on highly related goods and/or services to those of Plaintiff without the authorization of Plaintiff, which creates the wrongful impression that Defendant's goods and/or services originate from Plaintiff and/or that such goods and/or services are authorized, sponsored or approved by Plaintiff even though they are not. This confusion causes and will continue to cause irreparable harm to Plaintiff and the QUSP Trademark.

34. Upon information and belief, Defendant' acts are willful and deliberate. Therefore, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

35. Upon information and belief, Defendant' acts will continue unless enjoined by this Court.

36. Plaintiff has no adequate remedy at law.

## COUNT I

### Trademark Infringement Under 15 U.S.C. § 1114

37. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

38. The QUSP Trademark and the goodwill of the business associated therewith in the United States and throughout the world are of great and significant value.

/////

/////

1   39.   The QUSP Trademark is highly distinctive and consumers recognize it as the source of origin of Plaintiff's goods and services in the U.S. and throughout the world.

40.   Defendant's actions described herein have caused and are likely to cause confusion and mistake and to deceive potential customers and the general purchasing public as to the source, origin, or sponsorship of Defendant's goods and/or services, and are likely to deceive the public into believing that the goods and/or services offered and sold by Defendant originate from, are associated with, or are otherwise authorized by Plaintiff, all to the damage and detriment, of Plaintiff's reputation, goodwill and sales.

41.   Defendant's unauthorized use of the QUSP Trademark constitutes trademark infringement of Plaintiff's federally-registered trademark, the full extent of which is presently unknown but is substantial. This has caused damage to Plaintiff and the substantial business and goodwill symbolized by the QUSP Trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42.   Defendant's actions described above, including the unauthorized use of the QUSP Trademark in interstate commerce, has caused, and unless restrained will continue to cause, great and irreparable injury to Plaintiff, to the QUSP Trademark, and to the business and goodwill represented thereby, leaving Plaintiff with no adequate remedy at law.

## COUNT II

**False Designation of Origin and Unfair Competition Under 15 U.S.C. § 1125**

43.   Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

44.   This claim is against Defendant for trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

/////

45. Upon information and belief, Defendant has used, is using, and intends to continue using now and in the future in commerce the QUSP Trademark for the offer and provision of goods and services in such a way that has and will continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

46. Upon information and belief, Defendant's use of the QUSP Trademark for the offer and provision of goods and services has likely caused and will continue to cause confusion of the relevant public and trade.

47. Plaintiff has been and will continue to be damaged by the confusion, mistake, and deception caused by Defendant's use of the QUSP Trademark.

48. Any defect, objection to or fault found with Defendant's goods and/or services sold or provided under the QUSP Trademark would necessarily reflect on and seriously injure the reputation Plaintiff has established for its marks and business.

49. Plaintiff does not and has never consented to or authorized Defendant's adoption or commercial use of the QUSP Trademark for the aforementioned goods and/or services. Defendant therefore has infringed and is infringing the QUSP Trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

50. Upon information and belief, at all times relevant to this action, including when Defendant first adopted the QUSP Trademark and commenced commercial use of the QUSP Trademark on or in connection with the aforementioned goods and/or services, Defendant knew of the prior adoption and use of the QUSP Trademark, and Defendant knew of the valuable goodwill and reputation acquired by Plaintiff in connection with the QUSP Trademark. Defendant's infringement of the QUSP Trademark is therefore willful.

51. Upon information and belief, Defendant, even after being placed on notice of Plaintiff's rights through Plaintiff's multiple correspondence, continues to

-8-

COMPLAINT

use the QUSP Trademark in commerce. Defendant's infringement of the QUSP Trademark is therefore willful.

52. Defendant's acts as aforesaid constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendant's services as those of Plaintiff in violation of Section 42(a) if the Lanham Act, 15 U.S.C. § 1125(a).

53. Upon information and belief, Defendant's infringement will continue unless enjoined by the Court.

## COUNT III

### State Common Law Trademark Infringement and Unfair Competition

54. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

55. This claim arises under the common law of this state relating to trademark infringement and unfair competition. This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Law of the United States, and under 28 U.S.C. 1367. Plaintiff is the owner of all rights, title and interest in and to the QUSP Trademark including the distinctive tradename, trademark, designs, symbol and logo used by Plaintiff by virtue of its use and large investments in the promotion and sale of its goods and services bearing such trade name, trademark, design, symbol, and logo as set forth in the preceding paragraphs of this Complaint.

56. The Defendant's business name incorporates matter constituting a copy of the QUSP Trademark. Such unauthorized use by Defendant of the QUSP Trademark constitutes trademark infringement and unfair competition and is likely to cause confusion and mistake in the mind of the trade and the purchasing public as to the source of the products and services and to cause purchasers to believe such

1  goods and services are affiliated with or authorized by Plaintiff when, in fact, they
2  are not.
3      57.   Upon information and belief, Defendant has intentionally appropriated
4  the QUSP Trademark with the intent of causing confusion, mistake, and deception
5  as to the source of its services and with the intent to palm off its services as those of
6  Plaintiff's and to place others in the position to palm off its services as those of
7  Plaintiff, as such, Defendant has committed trademark infringement and unfair
8  competition under the common law.
9      58.   By such action in infringing the QUSP Trademark, Defendant is
10 improperly trading upon the reputation and goodwill of Plaintiff and is impairing
11 Plaintiff's valuable rights in and to such trademarks.
12     59.   As set forth above, upon information and belief, the activities of
13 Defendant complained of herein constitute willful and intentional acts of
14 infringement of the QUSP Trademark and unfair competition.
15     60.   Plaintiff has no adequate remedy at law. The conduct of Defendant
16 has caused and, if not enjoined, will continue to cause irreparable damage to the
17 rights of Plaintiff in its QUSP Trademark and to its business, reputation, and
18 goodwill.

## COUNT IV

**State Statutory Trademark and/or Trade Name Infringement and Unfair Competition Under Cal. Bus. & Prof. Code § 17200 et seq.**

22     61.   Plaintiff repeats and re-alleges each and every allegation in the
23 foregoing paragraphs as if fully set forth herein.
24     62.   This claim arises under California Business and Professions Code
25 section 17200 et seq. and the common law of the state. This Court has jurisdiction
26 over the subject matter of this claim pursuant to the provisions of 28 U.S.C. §
27 1338(b), this being a claim of unfair competition joined with substantial and related
28 /////

-10-

COMPLAINT

claims under the Trademark Laws of the United States, and under 28 U.S.C. § 1367.

63. Plaintiff is the owner of all rights, title, and interest in the QUSP Trademark.

64. Plaintiff states, upon information and belief and thereupon alleges, that Defendant has intentionally appropriated Plaintiff's QUSP Trademark, with the intent of causing confusion, mistake, and deception as to the source of its services with the intent to palm off its services as those of Plaintiff and to place other in the position to palm off their services as those of Plaintiff.

65. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts, and unless enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill.

66. On information and belief, Defendant has acted with full knowledge of Plaintiff's rights and with the intention to usurp such rights and therefore, their aforementioned acts are willful and intentional.

67. Plaintiff states, upon information and believe and thereupon alleges, that the acts of Defendant have violated the unfair competition laws of the State of California and specifically California Business and Professions Code section 17200 et seq.

68. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. That judgment be entered in favor of Plaintiff and against Defendant on each and every Claim in this Complaint;

B. For entry of an order and judgment requiring that Defendant and its officers, agents, servants, employees, owners, and representatives, and all other persons, firms, or corporations in active concert or participation with them, be

enjoined during the pendency of this action and permanently thereafter from (a) using the QUSP Trademark, or mark substantially and/or confusingly similar thereto; (b) doing any act or thing calculated or likely to cause confusion or mistake in the minds of the members of the public or prospective customers as to the source of the products offered or distributed by Defendant, or likely to confuse members of the public, or prospective customers, into believing that there is some connection between Plaintiff and Defendant or any other entity owned by or associated with Defendant; (c) otherwise infringing upon the QUSP Trademark; (d) otherwise competing unfairly with Plaintiff in any manner;  and (e) assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in parts (a) through (d) of this paragraph;

  C. For entry of an order to transfer the qusp.io domain to Plaintiff within ten (10) days after entry of injunction.

  D. For entry of an order and judgment directing Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and ceased all use of the QUSP Trademark as set forth above;

  E. For a judgment in the amount of (a) three times Defendants profits as a result of its wrongful conduct or (b) three times Plaintiff's damages, whichever is greater, pursuant to 15 U.S.C. § 1117 and other applicable law;

  F. Award Plaintiff the costs and disbursements of this action pursuant to 15 U.S.C. § 1117 and other applicable law and restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendant as a results of its unlawful and/or fraudulent business actions or practices;

  G. Award Plaintiff punitive damages for Defendant's willful and malicious acts of common law unfair competition.

H. Award Plaintiff its reasonable attorney's fees incurred herein as a result of Defendant's intentional and willful infringement, pursuant to 15 U.S.C. § 1117 and other applicable law;

I. Award Plaintiff's such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

Date: September 27, 2016        BEHMER & BLACKFORD

By: /s/ Timothy S. Blackford
TIMOTHY S. BLACKFORD
Attorney for Plaintiff
QUSP PTY. LTD.

OF COUNSEL:

WHITMYER IP GROUP LLC
Wesley W. Whitmyer, Jr. (*pro hac vice* pending)
Walter B. Welsh (*pro hac vice* pending)
Christina L. Winsor (*pro hac vice* pending)
Attorneys for Plaintiff, QUSP PTY. LTD.

**EXHIBIT A**

# United States of America
## United States Patent and Trademark Office

# qusp

**Reg. No. 4,101,531**
**Registered Feb. 21, 2012**
**Int. Cls.: 9, 25 and 41**

**TRADEMARK**
**SERVICE MARK**
**PRINCIPAL REGISTER**

CONOLLY, BRIAN (AUSTRALIA INDIVIDUAL)
PO BOX 704
BROADWAY, AUSTRALIA 2007

FOR: ELECTRONIC PUBLICATIONS, NAMELY, BOOKS, DOWNLOADABLE IMAGE FILE CONTAINING ARTWORK, TEXT, AUDIO AND VIDEO, DIGITAL POSTERS, DIGITAL BILLBOARDS, ALL FEATURING ARTISTIC CONTENT BY ARTISTS, MUSICIANS AND POETS RECORDED ON COMPUTER MEDIA, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FOR: COATS; DRESSES; FOOTWEAR; GLOVES; HEADGEAR, NAMELY, CAPS, HATS, BEANIES; JACKETS AND SOCKS; PANTS; SHIRTS; SHORTS; SKIRTS; TOPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FOR: ENTERTAINMENT IN THE NATURE OF THEATER PRODUCTIONS; ENTERTAINMENT IN THE NATURE OF VISUAL AND AUDIO PERFORMANCES BY ACTORS, MUSICAL BAND, ROCK GROUP, ARTISTS, MUSICIANS, POETS, DANCERS; ENTERTAINMENT INFORMATION SERVICES, NAMELY, PROVIDING INFORMATION AND NEWS RELEASES ABOUT A MUSICAL ARTIST; ENTERTAINMENT MEDIA PRODUCTION SERVICES FOR MOTION PICTURES, TELEVISION AND INTERNET; ENTERTAINMENT SERVICES BY A MUSICAL ARTIST AND PRODUCER, NAMELY, MUSICAL COMPOSITION FOR OTHERS AND PRODUCTION OF MUSICAL SOUND RECORDINGS; ENTERTAINMENT SERVICES IN THE NATURE OF DEVELOPMENT, CREATION, PRODUCTION AND POST-PRODUCTION SERVICES OF MULTIMEDIA ENTERTAINMENT CONTENT , IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

PRIORITY CLAIMED UNDER SEC. 44(D) ON AUSTRALIA APPLICATION NO. 14186013, FILED 12-25-2010, REG. NO. 1402149, DATED 8-22-2011, EXPIRES 12-25-2020.

SER. NO. 85-317,605, FILED 5-11-2011.

GISELLE AGOSTO, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

   *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

   *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
   *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

   You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

> **The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or reminder of these filing requirements.**

*****ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.